**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COREY DION ATCHISON,

      Petitioner-Appellant,

v.

GARY L. GIBSON,

      Respondent-Appellee.

No. 99-5198
(D.C. No. 98-CV-377-H(M))
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Pro se petitioner Corey Dion Atchison seeks a certificate of appealability

pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district

court dismissed Atchison's petition as time-barred. See 28 U.S.C. § 2244(d).

Because we conclude that Atchison has not "made a substantial showing of the

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

denial of a constitutional right," we decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Following his conviction for first-degree murder, Atchison was sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on November 4, 1994. Atchison filed an application for state post-conviction relief on December 29, 1997. The state district court denied relief on January 21, 1998, and the OCCA affirmed on April 20, 1998. Atchison then filed his petition for a writ of habeas corpus in federal district court on May 22, 1998, pursuant to 28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). It also provides for tolling of the time limit while "a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). To avoid retroactivity problems, we allow habeas petitioners whose judgments became final before April 24, 1996, the effective date of AEDPA, to file their petitions before April 24, 1997. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). We apply the state court tolling provision of § 2244(d)(2) to this one-year grace period. See id. at 1226.

Because Atchison did not file for a writ of certiorari with the United States Supreme Court, his sentence became final on February 2, 1995, ninety days after the OCCA's decision on direct appeal. See Caspari v. Bohlen, 510 U.S. 383, 390-91 (1994). Therefore, Atchison's one-year period of limitations under AEDPA began on April 24, 1996. See Hoggro, 150 F.3d at 1225-26. Atchison did not file for post-conviction relief until December 29, 1997, more than eight months after the expiration of the statute of limitations.

The one-year period of limitations can be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Atchison argues for equitable tolling because, while he was imprisoned in the F-3 unit, the prison did not allow him direct access to a law library or to legal assistance from February 1997 to May 1998. Atchison provides evidence that "the only access inmates of [the F-3 unit had] to the law library [was] per a Court Ordered deadline and that process must be caused by the filing of a motion to the court." (Doc. 9, Ex. 3 at 1.) The district court denied the petition as untimely because Atchison offered "no explanation for his failure to pursue his claims from November, 1994, to February, 1997" and therefore he "did not diligently pursue his constitutional claims." (Doc. 10 at 4.) The district court correctly stated that Atchison did not explain his failure to file his petition prior to the alleged denial of law library access. In Miller, 141 F.3d at 978, we held that inmates cannot avail themselves

- 3 -

of equitable tolling where they have not stated with specificity the steps taken to diligently pursue federal claims, including efforts to pursue those claims before the lack of access materialized. Atchison likewise fails to allege with sufficient specificity cause for his untimely filing so as to justify equitable tolling of the AEDPA limitations period.

We conclude that Atchison has made no showing of the denial of a constitutional right and therefore DENY a certificate of appealability pursuant to 28 U.S.C. § 2253. This matter is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge